# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30910

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2020

Lyle W. Cayce
Clerk

In the Matter of: Larry Galloway, Et Al

     Debtors

NELSON RIVERS,

     Appellant

v.

WAYNE AUFRECHT,

     Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-2288

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

EDITH H. JONES, Circuit Judge:*

     Nelson Rivers, a retired attorney, appeals the district court's imposition of a sanction in the amount of $3,500 and a fee disgorgement order exceeding $16,000 levied in connection with the winding up of his bankruptcy practice. For the following reasons, we vacate a portion of the awards, albeit with a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

caution to other attorneys handling consumer bankruptcy cases in the Eastern District of Louisiana.  Our standard of review in this bankruptcy appeal mirrors that of the district court and entails clear error for factual findings and de novo review of the bankruptcy court's legal conclusions.  *In re Morrison*, 555 F.3d 473, 480 (5th Cir. 2009).

Complete details of the proceedings before the bankruptcy court are unnecessary to recount.  Rivers left the practice of law abruptly in the summer of 2017 and transferred some of his practice's assets to another practitioner while apparently delegating to other practitioners, who accepted, as a matter of professional courtesy, various responsibilities in connection with his still-pending cases.

A difficulty arose when the United States Trustee filed a motion to dismiss the Chapter 13 case of a couple whom Rivers represented, *In re Galloway*, No. 15-12646 (Bankr. E.D. La.), because the couple had stopped making their monthly Chapter 13 payments while in the hospital.  A hearing was scheduled, but before that hearing, the couple cured their arrearages.  When Rivers failed to appear for the hearing, the court convened a show-cause hearing to determine what had happened.

Eventually, the court rendered an opinion that found Rivers guilty of violating numerous provisions of the Louisiana Rules of Professional Conduct as well as local rules and procedures.  The judge assessed a $3,500 sanction against Rivers and in favor of Aufrecht, the attorney who had acceded to much of the practice.  As the basis of that sanction, the court found that Rivers knowingly made a false statement about the nature of their agreement, unnecessarily forcing Aufrecht to appear in court to explain.  Based on 11 U.S.C. § 329(b)(1), the judge required Rivers to disgorge $6,300 in "unearned" fees (at $350 each) for eighteen Section 341 meetings, in sixteen of

2

which he had allowed other counsel, without compensation, to be present with his clients.[1]    Finally, the judge also required disgorgement of other fees, totaling $10,065 and mostly consisting of the no-look fees usually authorized in the Eastern District.

On appeal, the district court affirmed the sanction award, issued under the court's inherent authority, while acknowledging both some ambiguity in the statements and surrounding circumstances and, more important, that the bankruptcy court failed to find expressly that Rivers acted in bad faith.  The court reversed all other findings of ethical lapses.  The court affirmed the bankruptcy court's $6,300 disgorgement award for "violat[ing]" local rules governing counsel's duties in no-look fee cases by not appearing in person at Section 341 meetings.[2]  The district court did not, however, question, and so affirmed, the bankruptcy court's findings relating to the disgorgement of other unearned bankruptcy fees because Rivers had not challenged them on appeal.

Rivers has now appealed to this court.  During the course of the appeal, Rivers himself reported to the Louisiana Office of Disciplinary Counsel, was investigated for matters that have arisen here, and was cleared of any ethical wrongdoing.  This court has carefully reviewed the briefs, court opinions, and the underlying record in this case.  Having done so, we vacate the sanction order and the disgorgement order for his failure to attend Section 341 meetings.

First, in the absence of a finding of bad faith by clear and convincing evidence, a federal court is not empowered to impose sanctions for attorney

---

[1] At two meetings, no attorney appeared.

[2] No-look fee rules permit attorneys in routine consumer bankruptcy cases to charge a base fee for their services without the necessity of holding specific fee-approval hearings so long as they comply with basic duties to their clients.

misconduct under its inherent authority. *In re Moore*, 739 F.3d 724, 729–30 (5th Cir. 2014). The bankruptcy court's finding, affirmed by the district court, that Rivers made a "knowing" misstatement of fact concerning the disposition of his practice to Aufrecht, passes muster under the clear error standard. But it was incorrect to infer, as the district court did, that the misstatement was tantamount to clear and convincing evidence of bad faith. The standards of proof are not the same. The misstatement, as even the district court noted, was somewhat ambiguous. Viewed in totality, including all of Rivers's explanations about how he handled ongoing cases post-retirement, the record does not support the higher standard of proof. We also note that Aufrecht, who intervened in this court only for a reaffirmation that he did nothing wrong, makes no claim to recover the $3,500 sanction.

As for the disgorgement orders, issued pursuant to 11 U.S.C. § 329(b), we do not commend any "local practice" whereby counsel substitute for each other at bankruptcy clients' Section 341 meetings. The lower courts correctly noted that these hearings are critical to the accuracy and integrity of bankruptcy law. The hearings offer the first and often only opportunity for creditors or the United States Trustee to question debtors under oath about matters relevant to their cases. A lawyer is presumed to know the particulars of each client's case and owes the client the obligation of being personally present at the hearing (or present through others in his office) to protect the client's interests. The judge was not wrong to criticize Rivers's conduct in availing himself of the professional courtesy of lawyers who had no pre-existing relationship to the clients.

That said, the disgorgement order relating to the Section 341 meetings here was unnecessarily ex post facto. The local rules specify the duties of "counsel" toward a client in no-look fee cases; the local rules do not say that the

duty is personal and non-delegable in order to justify the no-look fee. *See* Bankr. E.D. La. R. 4002-1(D); Bankr. E.D. La. Gen. Order No. 2011-1. Rivers took a chance that no adversities would befall his clients in the Section 341 meetings, and he apparently was fortunate. In light of the ambiguity of the local rules, the lack of unforeseen consequences from his use of substitute counsel, and not a word from the volunteer counsel about compensation, we hold no harm/no foul. Notwithstanding our vacatur of the disgorgement of fees for Rivers's failure to attend 341 meetings, consumer bankruptcy attorneys should take note that the courts may reasonably impose personal, non-delegable duties on counsel who seek no-look fees, and indeed they may interpret, for the future, the rules of the Eastern District of Louisiana, to so require.

Rivers's argument against the disgorgement of other fees "was not presented to the district court and is waived," *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 257 (5th Cir. 2008).

The judgment of the district court, affirming the bankruptcy court, is **REVERSED IN PART and AFFIRMED IN PART**; the sanction of $3,500 and the disgorgement order of $6,300 are **VACATED**.